**Dated: February 07, 2011**

**The following is ORDERED:**



TOM R. CORNISH
UNITED STATES BANKRUPTCY JUDGE

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

IN RE:
**TERRY L. RODEBUSH,**                Case No. 10-80719-TRC
                                           Chapter 7
        Debtor.

**THE COMMUNITY STATE BANK,**

        Plaintiff,

v.                                                       Adversary No. 10-8048-TRC

**TERRY L. RODEBUSH**,

        Defendant.

O R D E R

        There comes on for consideration before the Court Plaintiff's Motion for Summary Judgment (Docket Entry 19), Plaintiff's Brief in Support (Docket Entry 20), Defendant's Response (Docket Entry 21), and Plaintiff's Reply (Docket Entry 22). The Court took these matters under advisement. Subsequently, Defendant filed a Supplemental Response (Docket Entry 23), which consisted of Defendant's Affidavit in support of his Response in opposition to Plaintiff's Motion for Summary

Judgment. Plaintiff then filed a Motion to Strike the Supplemental Response (Docket Entry 24) with supporting Brief (Docket Entry 25), on the grounds that the Supplemental Response was filed out of time and without permission. After reviewing the briefs and record submitted, the Court determines that Plaintiff's Motion for Summary Judgment should be denied.

To prevail on a motion for summary judgment, the moving party must establish that there is "no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Fed. R. Bankr. P. 7056. Facts must be viewed in the light most favorable to the nonmoving party, but only if there is a genuine dispute as to those facts. *Scott v. Harris*, 550 U.S. 372, 380 (2007). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation omitted).

The Court finds that there are genuine issues of fact for trial. The facts presented by Plaintiff in its Motion and Brief do not establish a prima facie case entitling Plaintiff to judgment as a matter of law. Defendant's 341 testimony as well as Mr. Jensen's Affidavit, as cited in Plaintiff's Brief, raise factual issues regarding the parties' agreement regarding sale of the cattle, as well as various factors that may have contributed to the decline in the cattle herd. Defendant also raised factual issues in his Response. The adequacy of Defendant's record-keeping is a factual issue that cannot be determined from the record presented. As stated in Plaintiff's Brief in Support of its Motion for Summary Judgment, whether Defendant's explanations are satisfactory is a matter of discretion for this Court, after the Court hears the testimony and evaluates its credibility. Finally, there is insufficient evidence at this stage as to whether Defendant's conduct was willful and malicious. The Court cannot make these factual determinations based upon the record presented on summary

judgment. Accordingly, Plaintiff's motion must be denied, and the case shall proceed to trial as previously ordered.

Because the Court has determined that Plaintiff's Motion for Summary Judgment should be denied, Plaintiff's Motion to Strike Defendant's Supplemental Response is moot.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Summary Judgment (Docket Entry 19) is **denied.**

IT IS FURTHER ORDERED that Plaintiff's Motion to Strike (Docket Entry 24) is **moot**. The hearing set on the motion is therefore stricken.

###